UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ronald E. Cook,                                          Case No.  3:21-cv-0273

          Petitioner

v.                                                       MEMORANDUM OPINION
                                                              AND ORDER

Warden Neil Turner,

          Respondent

### BACKGROUND AND HISTORY

*Pro se* Petitioner Ronald Cook filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Petitioner is incarcerated in the North Central Correctional Complex, serving a sentence of fifteen years to life in prison imposed by the Auglaize County Court of Common Pleas, Case No. 2018 CR 95, for conviction of the crime of rape.  In his Petition, he contends the trial court erred under Ohio Criminal Rule 7 when it denied his Motion for a Mistrial and permitted the state to amend the indictment at trial at the close of the State's case.  For the reasons set forth below, the Petition is denied, and this action is dismissed.

On May 3, 2018, ME, an eleven-year-old girl, came into the police station with her parents and reported that their neighbor, Petitioner, had on one occasion asked ME to touch his genitals and on another occasion had made oral contact with ME's genitalia in his bedroom.  *See State of Ohio v. Cook*, No. 2-18-21 (Ohio App. 3 Dist. Sept. 9, 2019).  Later that month, Petitioner was indicted on

one count of rape in violation of Ohio Revised Code § 2907.02(A)(1)(b) and one count of

importuning in violation of Ohio Revised Code § 2907.07(A).  *Id.*  The indictment and the bill of

particulars stated that these offenses occurred between August 1, 2015 and November 1, 2015.  *Id.*

     The case proceeded to trial on November 19, 2018.  At trial, the officer who took the report

from ME and her parents testified that Petitioner committed these alleged offenses over a three-

month period when ME was around eight, which would place these events in 2015. *Id.*  ME then

testified that she had known Petitioner for about five years. She further testified that Petitioner

began performing sexual acts to himself in her presence and to her in his bedroom a few months to

a year after they met.  *Id.*  On cross-examination, ME testified that she had previously told a social

worker at children's services that these events occurred about one month after she had met

Petitioner when she was five years old.  *Id.*  The Defense then played a recording of ME's

conversation with the social worker where she stated the offenses occurred right after she met

Petitioner, when she was seven or eight years old.  *Id.*  On redirect examination, ME stated that she

could not remember exactly how old she was when the offenses occurred.  *Id.*

     At the close of the State's case, the prosecutor requested leave to amend the dates of the

alleged offenses in the indictment and the bill of particulars to reflect ME's testimony at trial. Again,

the indictment and bill of particulars indicated the offenses occurred in 2015.  As ME testified that

they may have occurred as early as 2012, the prosecution sought to amend the documents to reflect

a larger window of time in which the offenses may have occurred.  *Id.*  The Defense objected to this

motion and moved for a mistrial in the event that the trial court granted the State leave to amend the

bill of particulars.  The trial court granted the State's motion to amend the indictment and the bill of

particulars but denied the Defense motion for a mistrial.  *Id.*  The trial court, pursuant to Ohio Crim.

R. 7(D), gave the Defense the opportunity to request a continuance or postponement of the trial to

give them time to adjust their trial strategy. The Defense, however, declined to request a

continuance or postponement and proceeded with its case. *Id.* On November 26, 2018, the jury found Petitioner guilty of one count of rape but acquitted him of the crime of importuning.

Petitioner appealed his conviction to the Ohio Third District Court of Appeals. *See Id.* He asserted one assignment of error: "The trial court erred by failing to declare a mistrial when it granted the State's motion to amend the indictment from a three-month window to a thirty-nine-month window." Ohio Criminal Rule 7(D) governs the amendment of an indictment, information, or complaint at any time before, during, or after a trial provided no change is made in the name or identity of the crime charged. That rule dictates that if the trial court permits an amendment to the substance of the indictment or to cure a variance between the indictment and the proof, the Defendant is entitled to a discharge of the jury on the Defendant's motion and to a reasonable continuance, unless it clearly appears from the whole proceedings that the Defendant has not been misled or prejudiced by the defect or variance, or that the Defendant's rights will be fully protected by proceeding with the trial.

Finding that times and dates are not essential elements of an offense, the appellate court determined the amendment did not alter the name or identity of the crime charged. *Id.* The court then determined that Petitioner was not prejudiced by the variance and his rights could be fully protected by allowing the trial to proceed. First, the court indicated that the amendment did not prevent Petitioner from highlighting the inconsistencies in ME's memory at trial. Second, the court noted that Petitioner was not attempting to assert an alibi nor did his defense rest on the crimes having occurred on different days. Third, the appellate court stated that Petitioner was given the opportunity to continue the trial to a later date to allow him time to adjust his defense strategy. Finally, Petitioner confessed to the acts described by ME in a recorded police interview which was played to the jury, and in a letter that he wrote to ME and her family apologizing for his actions. Petitioner admitted in court that he wrote the letter which was admitted into evidence. The

appellate court found no error of Ohio Criminal Rule 7 and affirmed his conviction on September 9, 2019.

Petitioner was granted leave to file a delayed appeal in the Supreme Court of Ohio. Petitioner, however, failed to file a memorandum in support of jurisdiction and the appeal was dismissed for want of prosecution. *See State of Ohio v. Cook*, No. 2019-1619 (Ohio S. Ct.  Feb. 26, 2020).

Petitioner has now filed the within habeas petition asserting that the trial court erred by failing to declare a mistrial when it granted the State's motion to amend the indictment from a three-month window to a thirty-nine-month window in which the alleged crime took place.  He asks this Court to overturn his conviction and order the State to retry him.

### STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996, and applies to Habeas Corpus Petitions filed after that effective date.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).  The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'"  *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).

Consistent with this goal, when reviewing an application for a writ of Habeas Corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct.  *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008).  The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  A federal court, therefore, may not grant habeas

4

relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

### PROCEDURAL BARRIERS TO HABEAS REVIEW

Before a federal court will review the merits of a Petition for a writ of Habeas Corpus, a Petitioner must overcome procedural hurdles.  Specifically, the Petitioner must surmount the barriers of exhaustion and procedural default.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a Petition for a writ of Habeas Corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004).  Exhaustion is fulfilled once a state supreme court provides a convicted Defendant a full and fair opportunity to review his or her claims on the merits.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003).  Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim.  *Wagner,* 581 F.3d at 414.  Specifically, in determining whether a Petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state

cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub*, 377 F.3d 538, 553 (6th Cir. 2004) (quoting McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000)).

For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner*, 581 F.3d at 414.

The doctrine of procedural default also limits access to federal court review of the merits of a constitutional claim. *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies where state remedies are "still available at the time of the federal Petition." *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982)). In contrast, where state court remedies are no longer available, procedural default rather than exhaustion applies. *Williams*, 460 F.3d at 806.

Procedural default may occur in two ways. First, a Petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id.* When deciding whether a claim is barred on habeas corpus review due to a Petitioner's failure to comply with a state procedural rule, the Court must determine: (1) whether there is a state procedural rule applicable to Petitioner's claim and whether Petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; and (3) whether the state procedural

rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim.  *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  *See also Williams*, 460 F.3d at 806 ("If, due to the Petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a Petitioner may procedurally default a claim by failing to raise a claim in state court and pursue that claim through the state's 'ordinary appellate review procedures.'"  *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal Habeas Corpus Petition").  "If, at the time of the federal Habeas Petition, state law no longer allows the Petitioner to raise the claim, the claim is procedurally defaulted." *Williams*, 460 F.3d at 806.  While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the Petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), the Petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review.  *Williams*, 460 F.3d at 806.

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

## DISCUSSION

As an initial matter, it appears that the only ground asserted in this Petition is procedurally defaulted.  Petitioner filed a delayed appeal of his conviction with the Supreme Court of Ohio.

Although the court permitted the delayed appeal, Petitioner failed to file a memorandum in support of jurisdiction. The Supreme Court of Ohio therefore dismissed the appeal for want of prosecution. The court has a rule that requires a memorandum in support of jurisdiction to be filed with the Notice of Appeal. The court regularly enforces this rule and did so in Petitioner's case. The rule is an independent and adequate ground for denying relief. Consequently, the claim is procedurally defaulted.

A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a Petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986). Petitioner has not demonstrated cause for the failure to file a memorandum in support of jurisdiction nor does he suggest that he suffered actual prejudice.

Moreover, even if he had properly exhausted his claim in state court, it would not be cognizable in a habeas petition. He asserts this claim as a violation of Ohio Criminal Rule 7. Generally, a federal habeas court sitting in review of a state court judgment should not second guess a state court's decision concerning matters of state law. *Gall v. Parker*, 231 F.3d 265, 303 (6th Cir. 2000). A claim based solely on an error of state law is not redressable through the federal habeas process. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

There is a limited exception to this rule where a state court's error in interpreting or applying its own law rendered the trial that convicted the Petitioner so fundamentally unfair as to have deprived him of substantive due process in violation of the United States Constitution. *Id.* at 67-68. The fundamental fairness principle has only been applied to pretrial proceedings where there is

8

some effect on the fairness of the trial itself.  *See Hutchison v. Marshall*, 744 F.2d 44, 47 (6th Cir. 1984).

This is not the situation here.  Amending the indictment and bill of particulars to expand the time

frame in which the actions in question occurred did not deprive Petitioner of substantive due

process.  Petitioner had ample opportunity to question the victim to show inconsistencies in her

memory.  He was not relying on an alibi defense for the time period in question.  In fact, he

admitted to the actions of which he was accused.  Moreover, the trial court offered to continue the

trial to allow him to consider his defense in light of the expanded time frame.  He declined to do so.

This is a state law claim.  It is not cognizable in a habeas petition.

## CONCLUSION

For all the foregoing reasons, the Petition (Doc. No. 1) is denied and this action is dismissed

pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, I certify, pursuant to 28

U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there

is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

So Ordered.


s/ Jeffrey J. Helmick
United States District Judge

9